UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| CHARLOTTE D. KIRK, | ) | CASE NO. 5:12CV1687 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | **MEMORANDUM OPINION** |
| COMMISSIONER OF SOCIAL SECURITY, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the Report and Recommendation (R&R) of Magistrate Judge Vernelis K. Armstrong (Doc. No. 19) regarding plaintiff Charlotte D. Kirk's request for judicial review following defendant's denial of her claims for Disability Insurance Benefits (DIB) and Supplemental Security Income (SSI) under Titles II and XVI of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381. Plaintiff filed objections to the R&R (Doc. No. 20), and defendant filed a response (Doc. No. 21). Upon a de novo review of the portion of the R&R to which objection has been made, and for the reasons that follow, the Court remands this action for proceedings not inconsistent with this opinion.

## I. PROCEDURAL AND FACTUAL BACKGROUND

On November 5, 2008, plaintiff applied for DIB under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and for SSI under Title XVI of the Social Security Act, 42 U.S.C. § 1381, alleging a disability onset date of April 1, 2008. (Transcript [Tr.] 162, 165).[1] Plaintiff's claims were denied initially and upon reconsideration. (Tr. 104-105; 106-107.)

---

[1] Page references are to the PageID # in the transcript. (Doc. No. 11.)

On plaintiff's timely request, a hearing was conducted on October 20, 2010, before Administrative Law Judge (ALJ) Paul Gaughen. (Tr. 79-103.) A vocational expert testified at the hearing. On December 15, 2010, the ALJ issued a decision that plaintiff was not disabled within the meaning of the Social Security Act at any time from the alleged onset date through the date of his decision. (Tr. 60-78.) The ALJ denied plaintiff's request for DIB and SSI benefits. The Appeals Council denied a request for review, making the ALJ's determination final. (Tr. 53-57.)

Plaintiff timely filed the instant action on June 29, 2012, seeking judicial review of the administrative determination. Plaintiff, represented by counsel, filed a brief on the merits (Doc. No. 15), defendants filed a response (Doc. No. 17), and plaintiff filed a reply (Doc. No. 18). Magistrate Judge Armstrong issued her R&R on February 20, 2013 (Doc. No. 19).

## II. STANDARD OF REVIEW

This Court's review of the R&R is governed by 28 U.S.C. § 636(b), which requires a de novo review as to those portions of the document to which objection is made. Plaintiff objected to the ALJ's assessment of her substance abuse, alleging that the evidence the ALJ used to support a finding of disabled arose during a period of sobriety. Accordingly, the Court reviews the ALJ's assessment of plaintiff's substance abuse de novo and accepts the remainder of the R&R, including its account of the factual and procedural history of the case.

Judicial review is limited to a determination of whether the ALJ applied the correct legal standards and whether there is "substantial evidence" in the record as a whole to support the decision. 42 U.S.C. § 405(g); *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance. *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007). It is "'such relevant evidence

as a reasonable mind might accept as adequate to support a conclusion.'" *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (quoting *Stanley*). If there is substantial evidence to support the defendant's decision, it must be affirmed even if the reviewing court might have resolved any issues of fact differently and even if the record could also support a decision in plaintiff's favor. *Crisp v. Sec'y of Health & Human Servs.*, 790 F.2d 450, 453 n.4 (6th Cir. 1986).

If substantial evidence supports the ALJ's findings of non-disability, that finding must be affirmed, even if substantial evidence also exists in the record to support a finding of disability. *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citing *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986)). Even when there is substantial evidence, however, "'a decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)). Likewise, this Court cannot uphold an ALJ's decision, even if there "is enough evidence in the record to support the decision, [where] the reasons given by the trier of fact do not build an accurate and logical bridge between the evidence and the result." *See Sarchet v. Chater*, 78 F.3d 305, 307 (7th Cir. 1996); *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 544 – 46 (6th Cir. 2004) (finding it was not harmless error for the ALJ to fail to make sufficiently clear why he rejected the treating physician's opinion, even if substantial evidence not mentioned by the ALJ may have existed to support the ultimate decision to reject the treating physician's opinion).

## III. DISCUSSION

Plaintiff raises only one objection to the R&R's recommendation that the Commissioner's decision be affirmed:[2] that the evidence cited by the ALJ to support his initial determination that her impairments met or equaled the listed impairments (i.e., satisfied a finding of "disability") all occurred during periods of sobriety. Therefore, since all the impairments were present in periods of sobriety, plaintiff asserts that substance abuse cannot be a contributing factor material to the determination of disability, and plaintiff should be awarded DIB and SSI.[3]

Having reviewed the record de novo, the Court concludes that there is not substantial evidence to support a finding that plaintiff was not disabled. In fact, as argued by plaintiff, at Step 3 the ALJ determined that plaintiff *was* disabled, relying upon the following exhibits: Ex. 2E, a Function Report dated November 17, 2008 (Tr. 186-194); Ex. 3F, a Consultative Examination Report by Dr. Frederick G. Leidal dated December 10, 2008 (Tr. 260-269); and Ex. 14F, Medical Evidence dated January 9-10, 2010 (Tr. 464-467). These exhibits and the particular pages cited by the ALJ support the ALJ's findings that plaintiff had (1) "moderate restriction in activities of daily living[;]" (2) "marked difficulties in social functioning[;]" (3) "marked difficulties" with regard to concentration, persistent or pace; and (4)

---

[2] The R&R addresses three arguments raised by plaintiff in her opening brief: (1) the ALJ's decision was not supported by substantial evidence and improperly relied on plaintiff's alleged substance abuse; (2) the ALJ wrongly dismissed plaintiff's subjective complaints; and (3) the ALJ failed to present an appropriate hypothetical to the Vocational Expert at the hearing. (R&R at 611.) Plaintiff's objections to the R&R challenge only the determination made with respect to the first argument. Therefore, only this argument is entitled to de novo review. The R&R's conclusions with respect to the remaining arguments are adopted.

[3] The ALJ uses a five-step process to determine if a claimant is disabled. 20 C.F.R. §§ 404.1520(a); 416.920(a). Here, the disputed findings occurred at Step 3, where the ALJ determines whether the claimant's impairments meet or equal those listed in the regulations. If so, the claimant is disabled; however, if substance abuse is a contributing factor material to the finding of disability at this step, then the claimant is not disabled for the purposes of receiving benefits. 42 U.S.C. §§ 423(d)(2)(C); 1382(a)(3)(J)

"one to two episodes of decompensation." These four findings are sufficient, under the relevant regulations, to find plaintiff disabled, and the ALJ correctly did so. (*See* Tr. 67.)

The ALJ further determined, in reliance upon essentially the very same exhibits, that these four findings applied to periods of substance abuse.[4] If plaintiff stopped the substance abuse, according to the ALJ, plaintiff would not be disabled. However, as explained below, the three exhibits relied upon do not support the finding of substance abuse, and two of them actually support a contrary finding.

The Court turns first to the three exhibits originally relied upon by the ALJ to find plaintiff disabled and then relied upon to find her not disabled absent substance abuse. Although Ex. 2E does not address alcohol or substance abuse in any way, Exs. 3F and 14F report plaintiff's denial of substance abuse at the times those exhibits were created and for the entire time after her alleged disability onset date of April 1, 2008. In his Consultative Examination Report (Ex. 3F), Dr. Leidal noted:

> Drug and alcohol problems are denied, although this appears to be greatly minimized. *She acknowledged using marijuana and alcohol from around the age of 13 until her mid 30's and onset of use of crack cocaine from the age of 19 until about four years ago on a fairly regular basis.* She reported that she had gone through drug and alcohol rehabilitation on two occasions, having gone through Oriana House and IBH (2001). She reported that she is clean and sober and she hasn't used in over four years, although admitted to infrequent use of alcohol, most recently this past weekend. She was unwilling to admit to any ongoing problems with alcohol dependence and admitted to legal charges related to alcohol use.

---

[4] Illustrative of the ALJ's use of the same facts to reach opposite conclusions is his finding that, with respect to social functioning, plaintiff was "very paranoid and fearful of other people" (*see* Tr. 67, citing Ex. 3F/5 [Page ID#: 264]) which, combined with several other reasons, contributed to his finding that she was *disabled*. The ALJ later cited the exact same exhibit and page to show that plaintiff's social functioning would show only moderate difficulties absent substance abuse. Although plaintiff "reported paranoia and fear of people she appeared conversant" with others in the waiting room on the day Dr. Leidal examined her. This ability to converse with others, combined with other findings, led the ALJ to conclude that plaintiff would not be disabled absent substance abuse. (Tr. 69, citing Ex. 3F/5.) No matter how many people plaintiff talked to in the waiting room, however, Ex. 3F simply fails to establish that she was, at the time, a substance abuser.

5

(Tr. 262, italics added.) At the time of the report, plaintiff was age 39 years and 6 months. (Tr. 260.) According to her assertions as reported by Dr. Leidal, she had not abused drugs and/or alcohol since about 2006 (i.e., since her "mid 30's" and since "about four years ago"). There is no evidence in the record of any drug or alcohol abuse since that period.

Similarly, the Medical Evidence Record (Ex. 14F) reports: "She denies the use of drugs and alcohol. . . . She has a history of drug and alcohol *in the past*. She has been in IBH Oriana but she denies using drugs and alcohol with it." (Tr. 465, italics added.)

If the ALJ did not believe these two records, he should have so stated -- explicitly -- and should have then pointed to record evidence, if any, in support of that disbelief. He should have pointed to record evidence that plaintiff was still abusing drugs and/or alcohol at the time of the alleged disability onset and at the time he made his determination.[5] He did not do so. Rather, he simply declared that plaintiff was sufficiently impaired to qualify as disabled but, if she were to stop the substance abuse, she would not be disabled. Though there is evidence that plaintiff had been a substance abuser in the past, there is no evidence that plaintiff was abusing substances at the time the ALJ made his decision. Absent explicit disbelief of plaintiff's assertions that she was no longer abusing drugs or alcohol, the ALJ's finding that plaintiff's disability would cease if she also ceased her substance abuse is not supported by substantial evidence.[6]

---

[5] There was, indeed, evidence that plaintiff had abused drugs and alcohol in the past; but there was no evidence of such abuse at any time after approximately 2006. Plaintiff alleges a disability onset date in 2008.

[6] The ALJ cited the following evidence to support his finding at Step 2 that plaintiff's severe impairments included alcohol dependence and polysubstance abuse: (1) plaintiff attending drug and alcohol rehabilitation on multiple occasions and admitting to alcohol use during her consultative examination (citing Ex. 3F/3, Consultative Examination Report dated 12/10/08); (2) the consultative examiner's conclusion that plaintiff's described pattern of abuse was consistent with alcohol dependence (also citing Ex. 3F/3); (3) plaintiff's diagnosis of cocaine dependency in full remission (citing Ex. 11F/20, Medical Records dated 9/15/08 to 6/17/09); and (4) observations of track marks

Based upon de novo review of the record relied upon by the ALJ, the Court concludes that there was not substantial evidence to find that plaintiff was still abusing drugs and alcohol and, therefore, the ALJ should not have concluded that "drug addiction and alcoholism is a contributing factor material to the determination of disability." 29 C.F.R. § 404.1535(a). Rather, substantial record evidence shows, and the ALJ found, that plaintiff had impairments sufficient to find her disabled in periods in which there was no evidence of substance abuse.

## IV. CONCLUSION

As a result of the conclusion that there is not substantial evidence to support the Step 3 finding that plaintiff is not disabled, the Court must remand this action for further proceedings not inconsistent with this opinion.[7]

**IT IS SO ORDERED**.

Dated: September 24, 2013

**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**

---

from intravenous drug use during a physical examination in October 2009 (citing Ex. 12F/13, Medical Records dated 8/3/09 to 10/20/09). (Tr. 66). However, none of these record citations establish substance abuse *at that time*, but only *in the past*. Non-substance abuse impairments at Step 2 were: a mood disorder, a personality disorder, peripheral neuropathy, minimal carpal tunnel syndrome, and obesity.

[7] Plaintiff asks this Court to either remand or, in the alternative, to award benefits. The Court is disinclined to award benefits, concluding that the appropriate path is for the Commissioner to perform the correct analysis beginning with point at which the analysis broke down as described by this ruling.